IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JERMAINE BOOKER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 20-944-RGA |
| | : | |
| ROBERT MAY, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

---

## **MEMORANDUM OPINION**

Jermaine Booker. *Pro se* Petitioner.

Andrew J. Vella, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondents.

August _____, 2023
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Petitioner Jermaine Booker's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1)  The State filed an Answer in opposition, to which Petitioner filed a Reply. (D.I. 7; D.I. 19)  For the reasons discussed, the Court will dismiss the Petition.

## I.      BACKGROUND

> [T]wo separate incidents [...] occurred on November 21, 2013, and January 2, 2014, respectively, at neighboring homes in Wilmington. On November 21, 2013, the unoccupied residence of Drew Van Dyk was burglarized. Several items were taken from Van Dyk's home, including multiple electronic devices, keys to his 1998 Subaru, the owner's manual for the Subaru, and an expired New Jersey license plate. On January 2, 2014, the neighboring home of John Warfield and Jacqueline Fiore was burglarized. Warfield was not home at the time but Fiore was beaten unconscious by the intruder. The attacker fled the scene in Fiore's Lexus.
>
> On January 4, 2014, a New Jersey police officer on patrol in Newark, New Jersey, observed a Lexus lose control and come to an abrupt stop. She saw the two occupants of the vehicle — later identified as [Petitioner] and his cousin Kendall Briscoe — exit the vehicle and walk away. The officer ran the New Jersey tag number and learned that the Motor Vehicle Commission had no record of it. When the officer attempted to engage [Petitioner] and Briscoe in conversation, the men fled. After giving chase, [Petitioner] and Briscoe were apprehended and charged with receiving stolen property and resisting arrest.
>
> A database search of the Lexus's Vehicle Identification Number revealed that the car was linked to a violent crime in Delaware. The car was towed to Delaware and its contents inventoried. Several pieces of circumstantial evidence tied [Petitioner] to the two burglaries.

*Booker v. State*, 226 A.3d 742 (Table), 2020 WL 1062089, at *1 (Del. Mar. 4, 2020)

In September 2014, a New Castle County grand jury indicted Petitioner on charges of first degree attempted murder, first degree robbery, possession of a deadly weapon during the commission of a felony ("PDWDCF"), and home invasion.   (D.I. 16-1 at Entry No. 1)  In January 2016, a Superior Court jury found Petitioner guilty of first degree assault (as a lesser included offense of attempted first degree murder), first degree robbery,  PDWDCF, and home invasion.  (D.I. 16-1 at Entry No. 55)  The Superior Court sentenced Petitioner to a total of forty-five years of Level V incarceration, suspended after forty-four years for decreasing levels of supervision.[1]  (D.I. 16-36 at 45-50 )  Petitioner appealed.  After a remand for an evidentiary hearing, Petitioner was permitted to represent himself.  (D.I. 16-2; D.I. 16-3; D.I. 16-4)  The Delaware Supreme Court affirmed Petitioner's convictions and sentence.  *See Booker v. State*, 169 A.3d 351 (Table), 2017 WL 3014360 (Del. July 14, 2017).

In October 2017, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") along with a motion to appoint counsel.  (D.I. 16-31; D.I. 16-32).  The Superior Court appointed counsel to represent Petitioner in his Rule 61 proceeding.  (D.I. 16-1 at Entry No. 108)  On February 18, 2019, post-conviction counsel filed a motion to withdraw as counsel for Petitioner along with a memorandum in support of that motion.  (D.I. 16-33)  The State filed a response to Petitioner's Rule 61 motion on April 30, 2019.  (D.I. 16-38)  On July 3, 2019, the Superior Court granted post-conviction counsel's motion to withdraw, and denied Petitioner's Rule 61 motion.  *See State v. Booker*, 2019 WL 2881378, at *3 (Del. Super. July 3, 2019).  The Delaware Supreme Court affirmed the Superior Court's decision.  *See Booker*, 2020 WL 1062089, at *4.

---

[1] Petitioner says the sentence is 42 years, not 44 years.  (D.I. 1 at 1).

## II.    EXHAUSTION AND PROCEDURAL DEFAULT

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the

petitioner has exhausted all means of available relief under state law.  *See* 28 U.S.C. § 2254(b);

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275

(1971).  The AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be
> granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts
> of the State; or
>
> (B)(i)  there is an absence of available State corrective process; or
>    (ii) circumstances exist that render such process ineffective to
>    protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to

give "state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at

844-45; *see Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).  A petitioner satisfies the

exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the

state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural

manner permitting the court to consider the claims on their merits.  *Bell v. Cone*, 543 U.S. 447,

451 n.3 (2005); *Castille v. Peoples,* 489 U.S. 346, 351 (1989).  A federal legal claim is "fairly

presented" to state courts when there is: "(1) reliance on pertinent federal cases employing

constitutional analysis; (2) reliance on state cases employing constitutional analysis in like fact

situations; (3) assertion of the claim in terms so particular as to call to mind a specific right

4

protected by the Constitution; [or] (4) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines*, 208 F.3d at 160. Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Harris v. Reed*, 489 U.S. 255, 260-65 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See Coleman*, 501 U.S. at 750-51; *McCandless*, 172 F.3d at 260. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d

Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537-38 (2006); *see Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

## III.  DISCUSSION

Petitioner's timely filed § 2254 Petition asserts two Claims for relief: (1) trial counsel provided ineffective assistance ("IATC") by failing to challenge his arrest and search of the Lexus as violating his Fourth Amendment rights and by failing to challenge the legality of his sentence; and (2) post-conviction counsel provided ineffective assistance by failing to include Claim One in his Rule 61 motion.

### A.  Claim One: Ineffective Assistance of Trial Counsel

In Claim One, Petitioner asserts that trial counsel provided ineffective assistance by: (a) failing to file a pre-trial motion arguing that the police violated Petitioner's Fourth Amendment rights by arresting him without probable cause (D.I. 1 at 26-36); (b) failing to file a pre-trial motion arguing that the police violated Petitioner's Fourth Amendment rights by searching the Lexus without probable cause or pursuant to a search warrant that lacked probable cause (*Id.*); and (c) failing to argue that his sentence was unlawful because it exceeded the sentencing guidelines set forth by Delaware's Sentencing Accountability Commission ("SENTAC") (D.I. 1 at 73).

The record reveals that all three IATC arguments in Claim One are unexhausted because Petitioner did not present them in his Rule 61 motion or on post-conviction appeal. At this juncture, any attempt by Petitioner to present the instant IATC arguments in a new Rule 61 motion would be time-barred under Rule 61(i)(1). *See DeAngelo v. Johnson*, 2014 WL 4079357, at *12 (D. Del. Aug. 15, 2014). Although Rule 61(i)(1) provides for an exception to the one-year time limitation if the untimely Rule 61 motion "asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final," no such right is implicated in the instant IATC argument. Similarly, the exceptions to Rule 61(i)(1)'s time-bar contained in Rule 61(i)(5) and (d)(2) do not apply to Petitioner's case, because he does not allege actual innocence, lack of jurisdiction, or that a new rule of constitutional law applies to the instant arguments. Given these circumstances, the Court must treat the instant IATC arguments as procedurally defaulted, meaning that the Court cannot review the merits of the arguments absent a showing of cause and prejudice or a miscarriage of justice.

Petitioner attempts to establish cause for his default of the IATC arguments in Claim One by alleging post-conviction counsel was ineffective for not including the arguments in his Rule 61 motion. (D.I. 1 at 26) In *Martinez v. Ryan*, 566 U.S. 1, 16-17 (2012), the Supreme Court held that inadequate assistance or the absence of counsel during an initial-review state collateral proceeding may (under certain circumstances) establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 12, 16-17. The Third Circuit has explained the application of *Martinez* in habeas cases:

> *Martinez* recognizes a narrow exception to the doctrine of procedural default: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." This exception is available to a petitioner who can show that: 1) his procedurally defaulted ineffective assistance of trial counsel claim

7

has "some merit," and that 2) his state-post conviction counsel was
"ineffective under the standards of *Strickland v. Washington*."

*Workman v. Sup't Albion SCI*, 915 F.3d 928, 937 (3d Cir. 2019). "To demonstrate that his claim

has some merit, a petitioner must 'show that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further.'" *Id.* at 938 (quoting

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). To demonstrate that post-conviction counsel's

ineffectiveness caused the procedural default, a petitioner must show that post-conviction

counsel's performance was deficient under the first prong of the *Strickland* standard, *i.e.*, "that

his state post-conviction counsel's performance fell below an objective standard of

reasonableness." *Workman*, 915 F.3d at 941.

In turn, the clearly established Supreme Court precedent governing ineffective assistance

of trial counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466

U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first

*Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an

objective standard of reasonableness," with reasonableness being judged under professional

norms prevailing at the time counsel rendered assistance. *See Strickland*, 466 U.S. at 688.

Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Id.* at 694. A reasonable probability is a "probability sufficient to undermine

confidence in the outcome." *Id.*

For the following reasons, the Court concludes that Petitioner has failed to demonstrate

that his three underlying IATC arguments are substantial under *Martinez*.

**1.  Probable cause to arrest Petitioner**

"Probable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).  Additionally, [if] an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *see also Virginia v. Moore*, 553 U.S. 164, 176 (2008) ("We conclude that warrantless arrests for crimes committed in the presence of an arresting officer are reasonable under the Constitution, and that while States are free to regulate such arrests however they desire, state restrictions do not alter the Fourth Amendment's protections").

Petitioner contends that trial counsel should have filed a pre-trial motion alleging that the police lacked probable cause to arrest him because "the arresting officer did not know his name, or any other information about him." (D.I. 1 at 26)  The fact that the police officers did not identify or know Petitioner by name prior to arresting him is irrelevant, because the record reveals that Petitioner committed several crimes (some minor) in the presence of the Newark, New Jersey police officers – a traffic violation, a parking violation, a registration violation, and resisting arrest. *See Booker*, 2017 WL 3014360, at *2; *see also supra* at Section I.  Since the New Jersey police officers arrested Petitioner for crimes he committed in their presence, his arrest did not violate the Fourth Amendment.  Thus, the instant IATC argument is not substantial because Petitioner cannot demonstrate a reasonable probability that trial counsel would have prevailed on a suppression motion raising the instant probable cause argument.

### 2. Probable cause to search the stolen Lexus

The police searched the stolen Lexus after arresting Petitioner, and found a "leaf blower, gas can, a black backpack with male clothes, a positive pregnancy test [from Petitioner's girlfriend], a steak knife, a box cutter, and green Nike sneakers with Ms. Fiore's blood on them" that Petitioner's father had given him for Christmas. *Booker*, 2017 WL 3014360, at *2. Petitioner contends trial counsel should have filed a pre-trial motion alleging that the search and/or search warrant for the Lexus lacked probable cause because he was arrested before the search began. Petitioner, however, lacked standing to challenge the legality of the police search because he did not have an expectation of privacy or possessory interest in the stolen Lexus. *See Byrd v. United States,* 138 S.Ct. 1518, 1529 ("No matter the degree of possession and control, the car thief would not have a reasonable expectation of privacy in a stolen car"); *United States v. White*, 504 F. App'x 168, 171 (3d Cir. 2012) (defendant did not have standing to challenge the search of a van that he did not own and that had been stolen from its rightful owner); *United States v. Tropiano*, 50 F.3d 157, 161 (2d Cir. 1995) (stating, "we think it is obvious that a defendant who knowingly possess a stolen car has no legitimate expectation of privacy in the car."). Thus, the instant IATC argument is not substantial because Petitioner cannot demonstrate a reasonable probability that trial counsel would have prevailed on a suppression motion challenging the legality of the Lexus search.

### 3. Sentence exceeds the sentencing range under SENTAC

Petitioner also contends that trial counsel was ineffective for not arguing that his sentence was illegal because it exceeded SENTAC's presumptive range. Petitioner essentially presented the same – if not identical – argument on direct appeal by contending that: (1) the presumptive sentencing range under SENTAC was eight to twenty-two years; (2) the trial judge abused his

discretion and "used cruel and unusual punishment" when sentencing Petitioner; and (3) the trial judge failed to consider the mitigating factors under SENTAC.  (D.I. 16-9 at 29-30)  The Delaware Supreme Court rejected Petitioner's argument and held that his forty-four year sentence was legal because the Superior Court was not bound by SENTAC and the sentence was within statutory limits (*i.e*, the maximum sentence was 109 years).  *See Booker*, 2017 WL 3014360, at *4.  In reaching this decision, the Delaware Supreme Court noted that the sentencing judge had considered defense counsel's mitigation argument and the presentence investigative report, which "contained reports, comments, a life history of [Petitioner] that goes back to his childhood."  *Id.*; (*see also* D.I. 16-30 at 5).

Given the Delaware Supreme Court's rejection of  Petitioner's "illegal sentence" argument, Petitioner cannot show the underlying sentencing argument in Claim One was "adequate to deserve encouragement to proceed further."  *See Workman*, 915 F.3d at 941.  In other words, Petitioner's argument that trial counsel provided ineffective assistance by not challenging the excessiveness of his sentence does not satisfy *Martinez*'s substantiality requirement.

Having determined that none of the three IATC arguments in Claim One are substantial, the Court concludes that post-conviction counsel's failure to present these IATC arguments in Petitioner's Rule 61 motion cannot constitute cause for his default under *Martinez*.  In the absence of cause, the Court will not address the issue of prejudice.  Additionally, given Petitioner's failure to provide new reliable evidence of his actual innocence, Petitioner's procedural default cannot be excused under AEDPA's miscarriage of justice exception. Accordingly, the Court will deny Claim One as procedurally barred from federal habeas review.

### B.  Claim Two: Ineffective Assistance of Post-Conviction Counsel

In Claim Two, Petitioner alleges that post-conviction counsel was ineffective for failing to raise Claim One's IATC arguments in his Rule 61 proceeding.  There is no federal constitutional right to effective post-conviction representation.  *See* 28 U.S.C. § 2254(i); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first right of appeal and no further.").  Therefore, the Court will dismiss Claim Two for failing to assert an issue cognizable on federal habeas review.

## IV.    CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability.  *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Additionally, when a district court denies a habeas claim or petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484.

The Court has concluded that the instant Petition does not warrant relief.  Reasonable jurists would not find this conclusion to be debatable.  Accordingly, the Court will not issue a certificate of appealability.

V.      **CONCLUSION**

For the reasons discussed, the Court will deny the Petition without holding an evidentiary hearing or issuing a certificate of appealability.  An appropriate Order will be entered.